**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

ANA CASTRO; WILLIAM BARTLETT;
CHRISTOPHER VIGIL; PATRICK
KOEGLER; DEYANDA RICHARDSON,
individually and as parent and natural guardian
of J.R.1, and J.R.2, minor children; RUBY
JOHNSON, individually and as parent and
natural guardian of J.J.1, and J.J.2, minor
children; DEREK BOUCHER; WENDY
RENDON; CAROL JOHNSON; ARTHUR
GIBSON; ANDREW HOTCHKISS; SHERI
HOTCHKISS; SHERRYLL GALLION;
ERYCK SMITH; CAROLINE JAMISON;
DONALD JAMISON; AKIKO WALKER;
JOHN TAYLOR; DANIEL WASIK; GABRIEL
BLACKSTEN; PHYLICIA MENGEL,
individually and as parent and natural guardian
of J.M., L.M., and K.M., minor children; BRAD
MENGEL; DOMONIC ESPINOSA; KALEIGH
COREY; AIDON MOORE; CHRISTINE
FRANKLIN; SCOTT HARDWIG; DEVON
BEAL; JESSICA LAVONNE ANGLIN-
JOHNSTON; COLTON ANGLIN; JACK
ROCHA; SANDRA TEATER; CHELSEA
UEBEL; ROBERT MCNAIR; ANA GARCIA;
CARLOS GARCIA; DEBRA RAMQUIST;
CRYSTAL CLUTTER; TERRY CLUTTER;
CARLOS JIMENEZ, individually and as parent
and natural guardian of L.J., minor child;
JASMINE SANTIAGO; TIMOTHY RIDGE;
FLORINDA RIDGE; ROBERT BERGMAN;
LORETTA RANDALL; JANET GASPER;
NICOLE BACHMAN; ALISON BACHMAN;
MITTIE FLOURNOY; YANG RICE; RICKY
MONTGOMERY; TREVOR JASKAR;
KRISTOPHER HUTCHISON, individually and
as parent and natural guardian of O.H., minor

child; STEPHANIE WARING; JUDY
MCCOLLAM; ANDREA ROBINSON;
MICHELLE CATHEY, individually and as
parent and natural guardian of M.D. and N.D.,
minor children; BRIAN DIGGS; NICHOLAS
DIGGS; BROOKE MOORE; DIANE BROWN;
FRANKLIN BROWN; MARTY MERTZ,
individually and as parent and natural guardian
of A.M.1 and A.M.2, minor children;
NICHOLAS COMPEAN; SAMUEL WELCH;
JONATHAN TIPTON; JOANN ELLIOTT;
JOHN ELLIOTT; THOMAS FOWLER; DELIA
JIMENEZ, individually and as parent and
natural guardian of A.R., I.P., and Y.R., minor
children; RICARDO RUIZ ROSADO; FRANK
MEACHAM, individually and as parent and
natural guardian of A.M.1, and A.M.2, minor
children; TIMOTHY SPELLMAN; BIRGIT
SPELLMAN; ROBERT SMITH; DALE
VADIVELLO; RANDY MOORE; SHEILA
MOORE; AMBER MOORE; ZEBEDIAH
MORRIS; DANIELLE CURRIE, individually
and as parent and natural guardian of K.C. and
M.C., minor child; ANGELELYNETTE
RANKINS; VALENTINA PROVENZANO;
BRAD TAYLOR; JENNIE GERMAINE;
BRUCE DAVIS; BRADFORD HARDMAN;
DANIL BACKOM; DEONNA BABCOCK;
GIANNA PERRY, individually and as parent
and natural guardian of D.B., minor child;
PATRICK BULLOCK, individually and as
parent and natural guardian of N.B., minor child;
JENNIFER COLON; TONI HOUSTON;
JEFFREY THORNTON; MICHAEL LOZANO;
PAUL BROWNING; MARK SMITH; SALLY
HERRERA; BRANDY GARNER; FRANK
POEBLA; JESSIE LUEDEKE; BRITTANY
LUEDEKE; ANNA OSKVAREK; DENISE
WRIGHT; CHARLES CUBELLO; BRENDA
TRIMBLE; BOBBY MITCHELL, JR.,

individually and as parent and natural guardian of I.M., minor child; LISA GIBSON; YOLANDA MILLS; VERONICA GARCIA; TONY GARCIA; SARAH GARCIA; KRISTIE GARCIA; CARLOS BROWN; ANDRE BROWN, JR.; EDNA BROWN; SCOT SHELINBARGER; JANET SHELINBARGER; LATRIECE THOMPSON; DERRICK THOMPSON; ROBERT SMITH, individually and as parent and natural guardian of J.S., minor child; ALFREDA JONES; MARK CROW; EUNICE ROBINSON; JAMES BOSCH; TINA SHEEKS; JUSTINE KALB, individually and as parent and natural guardian of L.K., minor child; CHRISTOPHER KALB; MANFRED GUNTHER; DANIEL CREGER; DOUGLAS PECK; JAMES BOHLMANN; DAVID MONAT; SUSAN SPADARO; ROBERT KIDWELL; BRANDON CHRISTENSEN; AMY CHRISTENSEN; ERNESTINE MARTINEZ; TANYA LANCE; ELIZABETH DELMONICO; DONNA DOYLE; BRENDA CARTER; JASON BLANSCET; JAMIE HUFF, individually and as parent and natural guardian of K.L., R.L., and C.H., minor children; SHEYENNE MCDANIEL; KALAYAH MEKETI; KALEB OWENS; CLIFFORD LANE; SARAH LANE; VICTORIA SMOTHERMAN; MICHAEL SMOTHERMAN; DAX WILSON; JAMES WARNER; ALICE KRAMER; MATTHEW PIEFFER; TIFFANY VAROZ; TERRENCE HERL; DON MEDARIS; INA KING; MARION WEBB; ANDREW JAGO, individually and as parent and natural guardian of R.J., minor child; ROSEMARY JAGO; ASHLEY GRAVES; JUSTIN ARIAS; JAROD ANDREW FORBES; NELYSETTE SANCHEZ, individually and as parent and natural guardian of E.V., J.V., and I.S., minor children; DOMINIC SANCHEZ;

3

ASHLEY LAWSON; SOPHIA PADILLA;
DANA MILLER; WAYNE JACKSON;
DAVINA PRICE, individually and as parent and
natural guardian of S.S., minor child; PAMELA
GRIEBEL; and BRAD BLAIR,

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

### COMPLAINT AND JURY DEMAND

---

Plaintiffs, by and through their undersigned counsel, hereby file this Complaint and Jury

Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and

Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL

COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM,

INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC,

INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al*., 16-cv-2351-RBJ.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.     The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.     The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.     The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.     The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.
[2] *Id.*
[3] *Id.*

Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and

---

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final %20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado who, upon information and belief, were so exposed and/or own properties that were so exposed.

### Health Effects of PFOS and PFOA Exposure

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.     PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.     The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFFS' EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury and, in the cases of adult Plaintiffs, property damage due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the adult Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered property damage and/or injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.     Plaintiff Ana Castro currently resides at 4809 Escanaba Drive, Colorado Springs, CO 80911. As a result of Ana Castro's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ana Castro has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

51.     Plaintiff William Bartlett currently resides at 4809 Escanaba Drive, Colorado Springs, CO 809113882. As a result of William Bartlett's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, William Bartlett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

52.     Plaintiff Christopher Vigil currently resides at 4815 Hunters Run, Colorado Springs, CO 80911. As a result of Christopher Vigil's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Vigil has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

53.     Plaintiff Patrick Koegler currently resides at 4825 Astrozon Lot A 69, Colorado Springs, CO 80916. As a result of Patrick Koegler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Koegler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

54.     Plaintiff Deyanda Richardson, individually and as parent and natural guardian of J.R., currently resides at 4845 Goulet Way, Colorado Springs, CO 80911, with minor child, J.R.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deyanda Richardson and J.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

55.     Plaintiff Deyanda Richardson, individually and as parent and natural guardian of J.R., currently resides at 4845 Goulet Way, Colorado Springs, CO 80911, with minor child, J.R.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deyanda Richardson and J.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

56.      Plaintiff Ruby Johnson, individually and as parent and natural guardian of J.J., currently resides at 4847 Justeagen Dr., Colorado Springs, CO 80911, with minor child, J.J.. As a

result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruby Johnson and J.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

57.     Plaintiff Ruby Johnson, individually and as parent and natural guardian of J.J., currently resides at 4847 Justeagen Dr., Colorado Springs, CO 80911, with minor child, J.J.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruby Johnson and J.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

58.     Plaintiff Derek Boucher currently resides at 4860 Manzana Dr Apt 110, Colorado Springs, CO 80911. As a result of Derek Boucher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derek Boucher has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

59.     Plaintiff Wendy Rendon currently owns and resides at 4895 Spokane Way, Colorado Springs, CO 80911. As a result of Wendy Rendon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wendy Rendon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

60.     Plaintiff Carol Johnson currently resides at 490 Comanche Village Dr Apt 101, Fountain, CO 80817. As a result of Carol Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carol Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

61.     Plaintiff Arthur Gibson currently resides at 490 Comanche Village Drive Apt 102, Fountain, CO 80817. As a result of Arthur Gibson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Arthur Gibson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Kidney Cancer; Testicular Cancer; Thyroid Disease.

62. Plaintiff Sheri Hotchkiss currently resides at 4910 Marabou Way, Security, CO 80911. As a result of Sheri Hotchkiss's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sheri Hotchkiss has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

63. Plaintiff Andrew Hotchkiss currently resides at 4910 Marabou Way, Security, CO 80911. As a result of Andrew Hotchkiss's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Hotchkiss has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

64. Plaintiff Sherryll Gallion currently resides at 4940 Wing Walker Dr, Colorado Springs, CO 80911. As a result of Sherryll Gallion's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sherryll Gallion has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

65. Plaintiff Eryck Smith currently resides at 4940 Wing Walker Dr, Colorado Springs, CO 80911. As a result of Eryck Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eryck Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

66. Plaintiff Caroline Jamison currently owns and resides at 4945 Gibbons Street, Colorado Springs, CO 80911. As a result of Caroline Jamison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Caroline Jamison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

67. Plaintiff Donald Jamison currently owns and resides at 4945 Gibbons Street, Colorado Springs, CO 80911. As a result of Donald Jamison's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Jamison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

68.     Plaintiff Akiko Walker currently resides at 4956 Windwalker Drive, Colorado Springs, CO 80911. As a result of Akiko Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Akiko Walker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

69.     Plaintiff John Taylor currently resides at 4960 Wilkin Dr, Colorado Springs, CO 80911. As a result of John Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Taylor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

70.     Plaintiff Daniel Wasik currently resides at 4963 Brant Road, Colorado Springs, CO 80911. As a result of Daniel Wasik's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Wasik has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

71.      Plaintiff Gabriel Blacksten currently resides at 4966 Witches Hollow Lane, Colorado Springs, CO 80911. As a result of Gabriel Blacksten's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gabriel Blacksten has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

72.     Plaintiff Brad Mengel currently resides at 497 Camino Del Rey, Fountain, CO 80817. As a result of Brad Mengel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brad Mengel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

73.     Plaintiff Phylicia Mengel, individually and as parent and natural guardian of J.M., currently resides at 497 Camino Del Rey, Fountain, CO 80817, with minor child, J.M.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phylicia Mengel and J.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

74.     Plaintiff Phylicia Mengel, individually and as parent and natural guardian of K.M., currently resides at 497 Camino Del Rey, Fountain, CO 80817, with minor child, K.M.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phylicia Mengel and K.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

75.     Plaintiff Phylicia Mengel, individually and as parent and natural guardian of L.M., currently resides at 497 Camino Del Rey, Fountain, CO 80817, with minor child, L.M.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phylicia Mengel and L.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

76.     Plaintiff Domonic Espinosa currently resides at 500 Harvest Moon Road, Fountain, CO 80817. As a result of Domonic Espinosa's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Domonic Espinosa has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

77.     Plaintiff Kaleigh Corey currently resides at 5002 Wainwright Drive, Colorado Springs, CO 80911. As a result of Kaleigh Corey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kaleigh Corey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

78.     Plaintiff Aidon Moore currently resides at 5002 Wainwright Drive, Colorado Springs, CO 80911. As a result of Aidon Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aidon Moore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

79.     Plaintiff Christine Franklin currently resides at 501 Aspen Drive, Colorado Springs, CO 80911. As a result of Christine Franklin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Franklin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

80.     Plaintiff Scott Hardwig currently resides at 501 Security Blvd 204 B, Colorado Springs, CO 80911. As a result of Scott Hardwig's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott Hardwig has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

81.     Plaintiff Devon Beal currently resides at 502 Aspen Drive, Colorado Springs, CO 80911. As a result of Devon Beal's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Devon Beal has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82.     Plaintiff Jessica Lavonne Anglin-Johnston currently resides at 502 Hackberry Drive, Colorado Springs, CO 80911. As a result of Jessica Lavonne Anglin-Johnston's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Lavonne Anglin-Johnston has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

83.     Plaintiff Colton Anglin currently resides at 502 Hackberry Drive, Colorado Springs, CO 80911. As a result of Colton Anglin's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Colton Anglin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

84.     Plaintiff Jack Rocha currently resides at 504 Windsor Ln Apt 77, Fountain, CO 80817. As a result of Jack Rocha's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jack Rocha has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

85.     Plaintiff Sandra Teater currently resides at 506 Commanche Village Drive Apt. H, Fountain, CO 80817. As a result of Sandra Teater's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Teater has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

86.     Plaintiff Chelsea Uebel currently resides at 5066 Pathfinder Drive, Colorado Springs, CO 80911. As a result of Chelsea Uebel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chelsea Uebel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

87.     Plaintiff Robert McNair currently owns and resides at 508 Widefield Dr, Colorado Springs, CO 80911. As a result of Robert McNair's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert McNair has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

88.     Plaintiff Ana Garcia currently resides at 5090 Marabou Way, Security, CO 80911. As a result of Ana Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ana Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

89.     Plaintiff Carlos Garcia currently resides at 5090 Marabou Way, Security, CO 80911. As a result of Carlos Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carlos Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

90.     Plaintiff Debra Ramquist currently resides at 5105 Hunters Run, Colorado Springs, CO 80911. As a result of Debra Ramquist's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Ramquist has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

91.     Plaintiff Terry Clutter currently resides at 5115 Hunters Run, Security, CO 80911. As a result of Terry Clutter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terry Clutter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

92.     Plaintiff Crystal Clutter currently resides at 5115 Hunters Run, Security, CO 80911. As a result of Crystal Clutter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Crystal Clutter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

93.     Plaintiff Jasmine Santiago currently resides at 512 Windsor Lane #89, Fountain, CO 80817. As a result of Jasmine Santiago's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jasmine Santiago has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

94.     Plaintiff Florinda Ridge currently resides at 512 Windsor Lane Lot 42, Fountain, CO 80817. As a result of Florinda Ridge's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Florinda Ridge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

95.     Plaintiff Timothy Ridge currently resides at 512 Windsor Lane Lot 42, Fountain, CO 80817. As a result of Timothy Ridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Ridge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

96.     Plaintiff Carlos Jimenez, individually and as parent and natural guardian of L.J., currently resides at 512 Windsor Lane Lot 90, Fountain, CO 80817, with minor child, L.J.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carlos Jimenez and L.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

97.     Plaintiff Robert Bergman currently resides at 5120 Almont Ave, Colorado Springs, CO 80911. As a result of Robert Bergman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Bergman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

98.     Plaintiff Loretta Randall currently resides at 514 E. Brookside, Colorado Springs, CO 80905. As a result of Loretta Randall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Loretta Randall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

99.     Plaintiff Janet Gasper currently resides at 514 Hackberry Drive, Security, CO 80911. As a result of Janet Gasper's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janet Gasper has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

100.    Plaintiff Alison Bachman currently owns and resides at 514 Norman Drive, Security, CO 80911. As a result of Alison Bachman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alison Bachman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

101.    Plaintiff Nicole Bachman currently resides at 514 Norman Drive, Colorado Springs, CO 80911. As a result of Nicole Bachman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicole Bachman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

102.    Plaintiff Mittie Flournoy currently owns and resides at 5140 Water Dipper Rd., Security, CO 80911. As a result of Mittie Flournoy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mittie Flournoy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

103.    Plaintiff Yang Rice currently resides at 5145 Water Dipper Road, Colorado Springs, CO 80911. As a result of Yang Rice's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yang Rice has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

104.    Plaintiff Ricky Montgomery currently owns and resides at 5155 Alton Drive, Colorado Springs, CO 80911. As a result of Ricky Montgomery's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ricky Montgomery has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

105.    Plaintiff Trevor Jaskar currently owns and resides at 516 Squire Street, Colorado Springs, CO 80911. As a result of Trevor Jaskar's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Trevor Jaskar has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

106.   Plaintiff Kristopher Hutchison, individually and as parent and natural guardian of O.H., currently resides at 5164 Fennel Dr, Colorado Springs, CO 80911, with minor child, O.H.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristopher Hutchison and O.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

107.   Plaintiff Stephanie Waring currently resides at 5164 Fennel Drive, Colorado Springs, CO 80911. As a result of Stephanie Waring's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Waring has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

108.   Plaintiff Judy Mccollam currently resides at 518 Raemar Drive, Security, CO 80911. As a result of Judy Mccollam's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judy Mccollam has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

109.   Plaintiff Andrea Robinson currently owns and resides at 5210 Bradley Cir, Colorado Springs, CO 80911. As a result of Andrea Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrea Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

110.   Plaintiff Brian Diggs currently resides at 5217 Barnstormers Ave, Colorado Springs, CO 80911. As a result of Brian Diggs's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Diggs has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

111.    Plaintiff Michelle Cathey, individually and as parent and natural guardian of M.D. and N.D., currently resides at 5217 Barnstormers Ave, Colorado Springs, CO 80911, with minor child, M.D. N.D. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Cathey, M.D., and N.D. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

112.    Plaintiff Nicholas Diggs currently resides at 5217 Barnstormers Avenue, Colorado Springs, CO 80911. As a result of Nicholas Diggs's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Diggs has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

113.    Plaintiff Franklin Brown currently resides at 5220 Alton Drive, Colorado Springs, CO 80911. As a result of Franklin Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Franklin Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

114.    Plaintiff Diane Brown currently resides at 5220 Alton Drive, Colorado Springs, CO 80911. As a result of Diane Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Diane Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

115.    Plaintiff Brooke Moore currently resides at 5220 Alton Drive, Colorado Springs, CO 80911. As a result of Brooke Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brooke Moore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116.    Plaintiff Marty Mertz, individually and as parent and natural guardian of A.M.1 and A.M.2 currently resides at 523 Empress St, Colorado Springs, CO 80911, with minor

children, A.M.1 and A.M.2As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marty Mertz and A.M.1 and A.M.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

117.     Plaintiff Nicholas Compean currently resides at 524 Calle Conejos, Fountain, CO 80817. As a result of Nicholas Compean's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Compean has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

118.     Plaintiff Samuel Welch currently resides at 5240 Sparrow Hawk Way, Colorado Springs, CO 80911. As a result of Samuel Welch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samuel Welch has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

119.      Plaintiff Jonathan Tipton currently resides at 525 Clearview Drive, Fountain, CO 80817. As a result of Jonathan Tipton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jonathan Tipton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

120.     Plaintiff Joann Elliott currently resides at 5253 Derby Drive Lot 366, Colorado Springs, CO 80916. As a result of Joann Elliott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joann Elliott has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

121.     Plaintiff John Elliott currently resides at 5253 Derby Drive Lot 366, Colorado Springs, CO 80916. As a result of John Elliott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Elliott has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

122.    Plaintiff Thomas Fowler currently owns and resides at 5255 Alton Drive, Colorado Springs, CO 80911. As a result of Thomas Fowler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Fowler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123.    Plaintiff Ricardo Ruiz Rosado currently resides at 526 Griffith Lane, Colorado Springs, CO 80911. As a result of Ricardo Ruiz Rosado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ricardo Ruiz Rosado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124.    Plaintiff Delia Jimenez, individually and as parent and natural guardian of A.R., I.P., and Y.R., currently resides at 526 Griffith Lane, Colorado Springs, CO 80911, with minor children, A.R., I.P., and Y.R. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Delia Jimenez and A.R., I.P., and Y.R., have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

125.    Plaintiff Frank Meacham, individually and as parent and natural guardian of A.M., currently resides at 5260 Quill Drive, Colorado Springs, CO 80911, with minor child, A.M.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Meacham and A.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

126.    Plaintiff Frank Meacham, individually and as parent and natural guardian of A.M., currently resides at 5260 Quill Drive, Colorado Springs, CO 80911, with minor child, A.M.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Meacham and A.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

127.     Plaintiff Timothy Spellman currently resides at 5275 Water Dipper Road, Security, CO 80911. As a result of Timothy Spellman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Spellman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

128.     Plaintiff Birgit Spellman currently resides at 5275 Water Dipper Road, Security, CO 80911. As a result of Birgit Spellman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Birgit Spellman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

129.     Plaintiff Robert Smith currently resides at 5279 Water Dipper Road, Colorado Springs, CO 80911. As a result of Robert Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

130.     Plaintiff Dale Vadivello currently resides at 5285 Water Dipper Road, Colorado Springs, CO 80911. As a result of Dale Vadivello's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dale Vadivello has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

131.     Plaintiff Randy Moore currently resides at 529 Cypress Dr, Colorado Springs, CO 80911. As a result of Randy Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randy Moore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

132.     Plaintiff Sheila Moore currently resides at 529 Cypress Dr, Colorado Springs, CO 80911. As a result of Sheila Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Sheila Moore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

133.    Plaintiff Amber Moore currently resides at 529 Cypress Drive, Colorado Springs, CO 80911. As a result of Amber Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amber Moore has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

134.    Plaintiff Zebediah Morris currently resides at 53 Goret Drive, Colorado Springs, CO 80911. As a result of Zebediah Morris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Zebediah Morris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

135.    Plaintiff Danielle Currie, individually and as parent and natural guardian of K.C. and M.C., currently resides at 53 North Albion St, Colorado Springs, CO 80911, with minor children, K.C. and M.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danielle Currie and K.C. and M.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Danielle Currie has been diagnosed with Pregnancy Problems.

136.    Plaintiff Angelelynette Rankins currently resides at 5315 Sprucemont Grove Apt. D203, Colorado Springs, CO 80922. As a result of Angelelynette Rankins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angelelynette Rankins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

137.    Plaintiff Valentina Provenzano currently resides at 533 East Platte, Colorado Springs, CO 80903. As a result of Valentina Provenzano's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Valentina Provenzano has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

138.     Plaintiff Brad Taylor currently resides at 5336 Goodview Drive, Security, CO 80911. As a result of Brad Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brad Taylor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

139.     Plaintiff Bruce Davis currently resides at 5348 Sparrow Hawk Way, Colorado Springs, CO 80911. As a result of Bruce Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bruce Davis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

140.     Plaintiff Jennie Germaine currently resides at 5348 Sparrow Hawk Way, Colorado Springs, CO 80911. As a result of Jennie Germaine's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennie Germaine has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

141.     Plaintiff Bradford Hardman currently resides at 535 Rolling Hills Drive, Colorado Springs, CO 80919. As a result of Bradford Hardman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bradford Hardman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

142.     Plaintiff Danil Backom currently resides at 539 Raemar Dr, Colorado Springs, CO 80911. As a result of Danil Backom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danil Backom has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

143.     Plaintiff Deonna Babcock currently resides at 5402 N. Nevada Avenue Apt 109, Colorado Springs, CO 80918. As a result of Deonna Babcock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deonna Babcock has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

144.     Plaintiff Gianna Perry, individually and as parent and natural guardian of D.B., currently resides at 541 Marquette Drive, Security, CO 80911, with minor child, D.B.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gianna Perry and D.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

145.     Plaintiff Patrick Bullock, individually and as parent and natural guardian of N.B., currently resides at 541 Marquette Drive, Security, CO 80911, with minor child, N.B.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Bullock and N.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

146.     Plaintiff Patrick Bullock currently resides at 541 Marquette Drive, Security, CO 80911. As a result of Patrick Bullock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Bullock has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

147.     Plaintiff Jennifer Colon currently resides at 5414 North Nevada Avenue Apt. 211, Colorado Springs, CO 80918. As a result of Jennifer Colon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Colon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

148.     Plaintiff Toni Houston currently resides at 5420 Huxley Court, Colorado Springs, CO 80911. As a result of Toni Houston's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Toni Houston has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

149.    Plaintiff Jeffrey Thornton currently resides at 545 Marquette Drive, Colorado Springs, CO 80911. As a result of Jeffrey Thornton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffrey Thornton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

150.    Plaintiff Michael Lozano currently resides at 5455 Alturas Drive, Colorado Springs, CO 80911. As a result of Michael Lozano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Lozano has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

151.    Plaintiff Paul Browning currently resides at 546 Norman Dr, Colorado Springs, CO 80911. As a result of Paul Browning's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Browning has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

152.    Plaintiff Mark Smith currently resides at 5470 Poncha Pass Ct, Colorado Springs, CO 80917. As a result of Mark Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

153.    Plaintiff Sally Herrera currently resides at 5475 Liano Drive, Colorado Springs, CO 80911. As a result of Sally Herrera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sally Herrera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

154.    Plaintiff Brandy Garner currently resides at 5485 Alturas Drive, Colorado Springs, CO 80911. As a result of Brandy Garner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandy Garner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

155.    Plaintiff Frank Poebla currently resides at 5495 Allmont Avenue, Security, CO 80911. As a result of Frank Poebla's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Poebla has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

156.    Plaintiff Jessie Luedeke currently resides at 5530 Preminger Drive, Colorado Springs, CO 80911. As a result of Jessie Luedeke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessie Luedeke has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

157.    Plaintiff Brittany Luedeke currently resides at 5530 Preminger Drive, Colorado Springs, CO 80911. As a result of Brittany Luedeke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brittany Luedeke has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

158.    Plaintiff Anna Oskvarek currently resides at 5579 Spooked Wheel Drive, Colorado Springs, CO 80923. As a result of Anna Oskvarek's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anna Oskvarek has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

159.    Plaintiff Denise Wright currently resides at 5580 Southmore Lane, Fountain, CO 80817. As a result of Denise Wright's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Denise Wright has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160.     Plaintiff Charles Cubello currently resides at 560 Crosstrail Drive, Colorado Springs, CO 80906. As a result of Charles Cubello's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Cubello has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

161.     Plaintiff Brenda Trimble currently owns and resides at 5620 Kingsboro Drive, Colorado Springs, CO 80911. As a result of Brenda Trimble's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brenda Trimble has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

162.     Plaintiff Lisa Gibson currently resides at 563 Blossomfield Road, Fountain, CO 80817. As a result of Lisa Gibson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Gibson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

163.     Plaintiff Bobby Mitchell, Jr., individually and as parent and natural guardian of I.M., currently resides at 563 Blossomfield Road, Fountain, CO 80817, with minor child, I.M.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bobby Mitchell, Jr. and I.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

164.     Plaintiff Yolanda Mills currently resides at 5635 Preminger Drive, Colorado Springs, CO 80911. As a result of Yolanda Mills's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yolanda Mills has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

165. Plaintiff Veronica Garcia currently resides at 5650 Fantasia Drive, Colorado Springs, CO 80911. As a result of Veronica Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Veronica Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

166. Plaintiff Tony Garcia currently resides at 5650 Fantasia Drive, Colorado Springs, CO 80911. As a result of Tony Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tony Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

167. Plaintiff Sarah Garcia currently resides at 5650 Fantasia Drive, Colorado Springs, CO 80911. As a result of Sarah Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168. Plaintiff Kristie Garcia currently resides at 5650 Fantasia Drive, Colorado Springs, CO 80911. As a result of Kristie Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristie Garcia has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169. Plaintiff Carlos Brown currently resides at 5660 Preminger Drive, Colorado Springs, CO 80911. As a result of Carlos Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carlos Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

170. Plaintiff Edna Brown currently owns and resides at 5660 Preminger Drive, Colorado Springs, CO 80911. As a result of Edna Brown's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Edna Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

171.   Plaintiff Andre Brown, Jr. currently resides at 5660 Preminger Drive, Colorado Springs, CO 80911. As a result of Andre Brown, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andre Brown, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

172.   Plaintiff Janet Shelinbarger currently resides at 5679 Marabou Way, Colorado Springs, CO 80911. As a result of Janet Shelinbarger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janet Shelinbarger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

173.   Plaintiff Scot Shelinbarger currently owns and resides at 5679 Marabou Way, Colorado Springs, CO 80911. As a result of Scot Shelinbarger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scot Shelinbarger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

174.   Plaintiff LaTriece Thompson currently resides at 5720 Harr Ave Apt D, Colorado Springs, CO 80902. As a result of LaTriece Thompson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, LaTriece Thompson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

175.   Plaintiff Derrick Thompson currently resides at 5720 Harr Ave Apt D, Colorado Springs, CO 80902. As a result of Derrick Thompson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derrick Thompson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176.   Plaintiff Robert Smith, individually and as parent and natural guardian of J.S., currently resides at 5729 Water Dipper Road, Colorado Springs, CO 80911, with minor child, J.S.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Smith and J.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

177.   Plaintiff Alfreda Jones currently resides at 576 Lindstrom Drive, Security, CO 80911. As a result of Alfreda Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alfreda Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

178.   Plaintiff Mark Crow currently owns and resides at 5795 Southmoor Dr NO.38, Fountain, CO 80817. As a result of Mark Crow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Crow has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

179.   Plaintiff Eunice Robinson currently resides at 5795 Southmoor Dr. Lot 23, Fountain, CO 80817. As a result of Eunice Robinson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eunice Robinson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

180.   Plaintiff James Bosch currently resides at 5795 Southmoor Drive Lot 12, Fountain, CO 80817. As a result of James Bosch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Bosch has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

181.   Plaintiff Tina Sheeks currently resides at 5795 Southmoor Drive Lot 28, Fountain, CO 80817. As a result of Tina Sheeks's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Tina Sheeks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

182. Plaintiff Christopher Kalb currently resides at 5795 Southmoor Drive Lot 46, Fountain, CO 80817. As a result of Christopher Kalb's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Kalb has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

183. Plaintiff Justine Kalb, individually and as parent and natural guardian of L.K., currently resides at 5795 Southmoor Drive Lot 46, Fountain, CO 80817, with minor child, L.K.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justine Kalb and L.K. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

184. Plaintiff Manfred Gunther currently resides at 58 North Albion Street, Colorado Springs, CO 80911. As a result of Manfred Gunther's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Manfred Gunther has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

185. Plaintiff Daniel Creger currently resides at 5815 Kittery Drive, Colorado Springs, CO 80911. As a result of Daniel Creger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Creger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

186. Plaintiff Douglas Peck currently resides at 5835 Kittery Drive, Colorado Springs, CO 80911. As a result of Douglas Peck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Douglas Peck has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

187.    Plaintiff James Bohlmann currently owns and resides at 5850 Kittery Drive, Colorado Springs, CO 80911. As a result of James Bohlmann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Bohlmann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

188.    Plaintiff David Monat currently resides at 5855 Kittry Drive, Colorado Springs, CO 80911. As a result of David Monat's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Monat has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

189.    Plaintiff Susan Spadaro currently resides at 590 Upton Drive, Colorado Springs, CO 80911. As a result of Susan Spadaro's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Spadaro has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

190.    Plaintiff Robert Kidwell currently owns and resides at 5910 Kittery Drive, Colorado Springs, CO 80911. As a result of Robert Kidwell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Kidwell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

191.    Plaintiff Brandon Christensen currently resides at 5955 Kittery Drive, Colorado Springs, CO 80911. As a result of Brandon Christensen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Christensen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

192.    Plaintiff Amy Christensen currently resides at 5955 Kittery Drive, Colorado Springs, CO 80911. As a result of Amy Christensen's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Amy Christensen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

193.    Plaintiff Ernestine Martinez currently owns and resides at 60 Security Boulevard, Colorado Springs, CO 80911. As a result of Ernestine Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ernestine Martinez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

194.    Plaintiff Tanya Lance currently resides at 602 Huron Road, Colorado Springs, CO 80910. As a result of Tanya Lance's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tanya Lance has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

195.    Plaintiff Elizabeth Delmonico currently resides at 602 Leta Drive, Security, CO 80911. As a result of Elizabeth Delmonico's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Delmonico has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

196.    Plaintiff Donna Doyle currently resides at 605 Rosemont Dr., Colorado Springs, CO 80911. As a result of Donna Doyle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Doyle has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

197.    Plaintiff Brenda Carter currently resides at 608 Blossom Field Road, Fountain, CO 80817. As a result of Brenda Carter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brenda Carter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

198.     Plaintiff Jason Blanscet currently resides at 609 Rosemont Drive, Colorado Springs, CO 80911. As a result of Jason Blanscet's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Blanscet has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

199.     Plaintiff Jamie Huff, individually and as parent and natural guardian of K.L., R.L., and C.H., currently resides at 6136 Wild Turkey Drive, Colorado Springs, CO 80925, with minor children, K.L., R.L., and C.H. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jamie Huff and K.L., R.L., and C.H., have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jamie Huff has been diagnosed with Pregnancy Problems.

200.     Plaintiff Sheyenne McDaniel currently resides at 617 Rowe Lane, Colorado Springs, CO 80911. As a result of Sheyenne McDaniel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sheyenne McDaniel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

201.     Plaintiff Kalayah Meketi currently resides at 617 Rowe Lane, Colorado Springs, CO 80911. As a result of Kalayah Meketi's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kalayah Meketi has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

202.     Plaintiff Kaleb Owens currently resides at 617 Rowe Lane, Colorado Springs, CO 80911. As a result of Kaleb Owens's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kaleb Owens has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

203.     Plaintiff Clifford Lane currently resides at 617 Rowe Lane, Colorado Springs, CO 80911. As a result of Clifford Lane's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Clifford Lane has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

204.     Plaintiff Sarah Lane currently resides at 617 Rowe Lane, Colorado Springs, CO 80911. As a result of Sarah Lane's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Lane has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

205.     Plaintiff Michael Smotherman currently resides at 6182 Wallowing Way, Colorado Springs, CO 80925. As a result of Michael Smotherman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Smotherman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

206.     Plaintiff Victoria Smotherman currently resides at 6182 Wallowing Way, Colorado Springs, CO 80911. As a result of Victoria Smotherman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victoria Smotherman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

207.     Plaintiff Dax Wilson currently resides at 62 Mcburney, Colorado Springs, CO 80911. As a result of Dax Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dax Wilson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

208.     Plaintiff James Warner currently resides at 62 Mcburney, Colorado Springs, CO 80911. As a result of James Warner's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, James Warner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.    Plaintiff Alice Kramer currently owns and resides at 62 Mcburney Blvd, Colorado Springs, CO 80911. As a result of Alice Kramer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alice Kramer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

210.    Plaintiff Matthew Pieffer currently resides at 6240 Moorefield Ave, Colorado Springs, CO 80919. As a result of Matthew Pieffer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Pieffer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

211.    Plaintiff Tiffany Varoz currently resides at 625 Montrail Drive, Colorado Springs, CO 80911. As a result of Tiffany Varoz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tiffany Varoz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

212.    Plaintiff Terrence Herl currently resides at 630 Jayton Drive, Colorado Springs, CO 80911. As a result of Terrence Herl's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terrence Herl has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

213.    Plaintiff Don Medaris currently resides at 6375 Gossamer Street, Colorado Springs, CO 80911. As a result of Don Medaris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Don Medaris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

214.    Plaintiff Ina King currently owns and resides at 640 Widick Street, Colorado Springs, CO 80911. As a result of Ina King's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ina King has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Kidney Disease; Thyroid Disease; Ulcerative Colitis.

215.    Plaintiff Marion Webb currently resides at 6408 Gossimer Street, Security, CO 80911. As a result of Marion Webb's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marion Webb has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

216.    Plaintiff Andrew Jago, individually and as parent and natural guardian of R.J., currently resides at 6410 Southmoor Drive, Fountain, CO 80817, with minor child, R.J.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Jago and R.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

217.    Plaintiff Rosemary Jago currently resides at 6410 Soutmoor Drive, Fountain, CO 80817. As a result of Rosemary Jago's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rosemary Jago has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

218.    Plaintiff Ashley Graves currently resides at 6411 Millbrook Lane, Fountain, CO 80817. As a result of Ashley Graves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashley Graves has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

219.    Plaintiff Justin Arias currently owns and resides at 6418 San Mateo, Colorado Springs, CO 80911. As a result of Justin Arias's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Justin Arias has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

220.    Plaintiff Jarod Andrew Forbes currently resides at 6425 Dancing Star Way, Colorado Springs, CO 80911. As a result of Jarod Andrew Forbes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jarod Andrew Forbes has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

221.    Plaintiff Dominic Sanchez currently resides at 6426 Dancing Star Lane, Colorado Springs, CO 80911. As a result of Dominic Sanchez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dominic Sanchez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

222.    Plaintiff Nelysette Sanchez, individually and as parent and natural guardian of E.V., J.V., and I.S., currently resides at 6426 Dancing Star Lane, Colorado Springs, CO 80911, with minor child, E.V., J.V., and I.S., minor childrenAs a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nelysette Sanchez and E.V., J.V., and I.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

223.    Plaintiff Ashley Lawson currently resides at 644 Syracuse Street, Colorado Springs, CO 80911. As a result of Ashley Lawson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ashley Lawson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

224.    Plaintiff Sophia Padilla currently resides at 6447 Sunny Meadow Drive, Colorado Springs, CO 80923. As a result of Sophia Padilla's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sophia Padilla has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

225.    Plaintiff Dana Miller currently resides at 649 Fay Drive, Colorado Springs, CO 80911. As a result of Dana Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dana Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

226.    Plaintiff Wayne Jackson currently resides at 6525 Athletic Avenue, Colorado Springs, CO 80911. As a result of Wayne Jackson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wayne Jackson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

227.    Plaintiff Davina Price, individually and as parent and natural guardian of S.S., currently resides at 6535 Apex Court, Colorado Springs, CO 80911, with minor child, S.S.. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Davina Price and S.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Davina Price has been diagnosed with Pregnancy Problems.

228.    Plaintiff Pamela Griebel currently owns and resides at 655 Brundidge Court, Colorado Springs, CO 80911. As a result of Pamela Griebel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Griebel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Disease.

229.    Plaintiff Brad Blair currently resides at 6572 Justice Way, Colorado Springs, CO 80925-. As a result of Brad Blair's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brad Blair has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

**Defendants**

230.     When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

231.     The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

232.     Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

233.     Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

234.     3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

235.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

236.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

237.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

238.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

239.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

240.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

241.    Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

242. At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

243. Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

244. Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

245. KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

246. KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

247. KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

248. Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

249. Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

250. Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

251. Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

252. Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

253. WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

254. KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

255.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

256.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

257.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

258.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

259.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

260.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

261.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

50

262.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

263.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

264.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

265.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

266.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

267.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

268.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

269.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

270. In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

271. The USAF uses 3% AFFF for its installations.

272. Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

273. 3M was the only company to manufacture PFOS-containing AFFF.

274. In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

275. Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

276. In 1947, 3M began producing PFOA via ECF.

277. In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

278. Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

279. The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

280.   PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

281.   By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

282.   As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

283.   Early studies showed that PFCs accumulated in the human body and were toxic.

284.   3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

285.   3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

286.   Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

287.   In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

288.   Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

289.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

290.    These injuries can arise months or years after exposure to PFOA.

291.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

292.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

### AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.

293.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

294.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

295.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

296.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

297.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

298.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

299.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

300.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

301.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

302.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

303.     Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

### AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater

304.     Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

305.     Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

306.     A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

307.     At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

308.     Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

309.     The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the

groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

310.    PFOA and PFOS are present in all Defendants' AFFF products.

311.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

312.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

**MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY**

313.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

314.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

315.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the

particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

316.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

317.    The market for AFFF is ascertainable through standard discovery means.

318.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

319.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

<u>**CONSPIRACY**</u>

320.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

321.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

a. Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

b. Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

c. Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

d. Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

e. Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

f. Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

g. Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

h. Using their considerable resources to fight PFOA and PFOS regulation; and

i.  Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

322.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

a.  Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

b.  Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

c.  Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

**CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE**

323.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

324.    This cause of action is brought pursuant to Colorado law.

325.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

326.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were

manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

327.   Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

328.   Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

329.   Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

330.   Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

331.   Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

332.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

333.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

334.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

335.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

336.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

337.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

338.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

339.     Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

340.     As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

341.     Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

342.     As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

343.     Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

344.     Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

345.      Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

346.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

347.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

348.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

349.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

350.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

351.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

352.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the  cost of repair or restoration, the value of the

use of the continuous trespass, injuries to persons,  and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

353.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

354.     This cause of action is brought pursuant to Colorado law.

355.     As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

356.      Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

357.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

358.     AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

359.     Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

360.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

361.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

362.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

363.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

364.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

365.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

366.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

367.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

368.     As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

369.     As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

370.     As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

371.     Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

372.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

373.     This cause of action is brought pursuant to Colorado law.

374.     By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

375.     Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

376.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

377.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

378.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

379.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

380.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

381.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

382.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

383.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

384.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

385.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination,. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

386.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

387.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

388.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

389.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

390.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

391.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

392.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the

Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

393.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

394.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

395.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

396.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

397.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

398.    an order for an award of attorneys' fees and costs, as provided by law;

399.    an award of pre-judgment and post-judgment interest as provided by law; and

400.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

401.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

70

Dated: May 24, 2018                    Respectfully Submitted,

                                       **NAPOLI SHKOLNIK, PLLC**

                                       */s/ Hunter J. Shkolnik*
                                       Hunter Shkolnik
                                       Paul J. Napoli
                                       Louise Caro
                                       Tate J. Kunkle
                                       Patrick J. Lanciotti
                                       360 Lexington Avenue, Eleventh Floor
                                       New York, NY 10017
                                       Telephone: (212) 397-1000
                                       E-mail: pnapoli@napolilaw.com
                                       E-mail: hunter@napolilaw.com
                                       E-mail: lcaro@napolilaw.com
                                       E-mail: tkunkle@napolilaw.com
                                       E-mail: planciotti@napolilaw.com

                                       **MCDIVITT LAW FIRM**
                                       Michael McDivitt
                                       Kelly Hyman
                                       19 East Cimarron Street
                                       Colorado Springs, CO 80903
                                       Telephone: (719) 471-3700
                                       E-mail: mmcdivitt@mcdivittlaw.com
                                       E-mail: kyman@mcdivittlaw.com